DOE on the demise of WENTWORTH and Another v. GOODWIN.

The finding of the Circuit Court, sitting as a jury, upon a matter of fact, will not be disturbed, where the evidence is conflicting.

ERROR to the *Henry* Circuit Court.

STUART, J.—Ejectment for the undivided half of a half lot in *Newcastle*. The evidence is all made part of the record. Trial by the Court. Finding and judgment for *Goodwin.*

*Nov. Term, 1853.*

DOE
v.
GOODWIN.

*Monday, December 12.*

The lessors of the plaintiff claimed title under a judgment in their favor against *Richard Goodwin*, execution, sale and sheriff's deed. The series of these events stand thus: Judgment, *October* 31, 1848. Execution, *November* 1, 1848. Levy, *July* 9, 1849. *Richard Goodwin*, execution-defendant, died *December* 3, 1848, after issue and before levy. The property was sold *August* 4, 1849.

The evidence shows that *Wesley Goodwin* conveyed the whole of the half lot to *Richard Goodwin* by deed dated *November* 4, 1845. In *October*, 1846, *Richard* mortgaged the same half lot to *Wesley*, to secure the payment of a note. In *March*, 1848, *Richard* conveyed the undivided half of the half lot to *Wesley* in fee, and *Wesley* entered a release of the mortgage as to the undivided half of the half lot—acknowledging the receipt of half the amount due thereon. On the 31st day of *October*, the very day on which the judgment was rendered, *Richard* conveyed the remaining undivided half of the half lot to *Wesley* in fee.

The chief point of controversy is, which event transpired first, the rendition of the judgment or the delivery of the deed. There is considerable conflicting evidence as to the exact hour. But this being a matter of fact, proper for a jury to determine, and the Court sitting as a jury having found in favor of the priority of the deed, we do not feel at liberty to disturb the finding. In this we but adhere to the course repeatedly announced and acted upon in this Court.

There is another point made by counsel in argument, but as the decision of it could not affect the result, we do not regard it as fairly arising in the record.

*Per Curiam.*—The judgment is affirmed with costs.

*M. L. Bundy*, *W. Henderson* and *J. S. Newman*, for the plaintiff.

*J. Rariden* and *C. H. Test*, for the defendant.